**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Action No. 07-cr-00182-REB-02

UNITED STATES OF AMERICA

 Plaintiff,

v.

2. BRICE E. HANNS,

 Defendant.

---

**ORDER OVERRULING OBJECTIONS TO PRESENTENCE REPORT**

---

**Blackburn, J.**

  Hanns objects to the Presentence Investigation Report (PSR) [#313] at paragraph 26. In paragraph 26, the probation officer concludes that Hanns is a career offender, as that term is used in §4B1.1 of the United States Sentencing Commission Guidelines Manual (USSG). A defendant is classified as a career offender under §4B1.1 if, *inter alia*, he has two prior felony convictions for a crime of violence.

  I heard argument on June 23, 2011. I have considered all reasons stated, arguments advanced, and authorities cited by the parties in their respective papers and during oral argument. I now enter the following findings of fact, conclusions of law, and orders.

  In the PSR, the probation officer concludes that Hanns has at least two prior convictions for a crime of violence. In his objections [#312] to the PSR, Hanns argues that two of his prior convictions do not constitute crimes of violence, as that term is used in §4B1.1.

1

USSG §4B1.2 defines certain terms integral to §4B1.1.  For the purpose of Hanns' objection, the definition of the term "crime of violence" provided in §4B1.2 (a)(2) is implicated.  That subsection defines a crime of violence as any offense under federal or state law punishable by imprisonment for a term exceeding one year, that

> is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG §4B1.2 (a)(2).  The clause "involves conduct that presents a serious potential risk of physical injury to another" generally is referred to as the residual clause of §4B1.2(a)(2).  Any crime that qualifies as a crime of violence under §4B1.1 is referred to as a predicate crime.

Hanns has a prior conviction for Attempt to Commit Assault in the First Degree, *see* PSR [#313] at 9, ¶ 36, and two prior convictions for assault in the second degree, *see id.* at 11, ¶ 44.  Only his two convictions for assault in the second degree are at issue here.  These two convictions are for assault in the second degree as defined by §18-3-203(1)(e), C.R.S.

> (e) For a purpose other than lawful medical or therapeutic treatment, he intentionally causes stupor, unconsciousness, or other physical or mental impairment or injury to another person by administering to him, without his consent, a drug, substance, or preparation capable of producing the intended harm.

Hanns argues that assault in the second degree, as defined by this statute, is not a crime of violence because it does not satisfy the requirements specified by the United States Supreme Court in **Begay v. U.S.**, 553 U.S. 137 (2008).  Hanns argues also that assault in the second degree, as defined by §18-3-203(1)(e), does not constitute a crime of violence because the crime can be accomplished in ways that do not involve physical injury.  Finally, Hanns argues that §4B1.2 (a)(2) is unconstitutionally vague.  I

2

respectfully reject each of these contentions.

In two recent cases, the United States Supreme Court analyzed the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), part of the Armed Career Criminal Act (ACCA). ***Begay v. U.S.***, 553 U.S. 137 (2008); ***Sykes v. U.S.***, ___ U.S. ___, 2011 WL 2224437 (2011). The residual clause language of § 924(e)(2)(B)(ii) is essentially identical to the residual clause language of §4B1.2 (a)(2). The Supreme Court's interpretations of the residual clause of § 924(e)(2)(B)(ii) apply with equal force to interpretation of the residual clause of § 4B1.2(a)(2). ***U.S. v. Rooks***, 556 F.3d 1145, 1150 (10th Cir. 2009).

In ***Begay***, the Court concluded that the example crimes listed in the residual clause of the statute, burglary of a dwelling, arson, extortion, or crimes involving the use of explosives, illustrate the kinds of crimes that fall within the scope of the statute. 553 U.S. at 1584 - 1585. The Court held that the residual clause of § 924(e)(2)(B)(ii) covers only crimes that are both 1) roughly similar in kind to the example crimes listed in the statute; and 2) roughly similar in degree of risk posed. ***Id***. at 1585 (residual clause is limited to "crimes that are roughly similar, in kind as well as in degree of risk posed, to the examples themselves").

Discussing the first requirement, the similarity in kind requirement, the ***Begay*** Court noted that the example crimes listed in the statute "all typically involve purposeful, violent, and aggressive conduct." ***Id***. at 1586 (internal quotation and citation omitted). The Court concluded that driving under the influence of alcohol (DUI) is not similar in kind to the example crimes listed in the statute because DUI, as defined by the state law before the Court, does not include purposeful, violent, and aggressive conduct. ***Id***. at 1586 - 1587. Rather, DUI is more akin to a strict liability crime or a crime that covers "conduct in respect to which the offender need not have had any criminal intent at all."

3

*Id*.

On June 9, 2011, the Court revisited **Begay** and the residual clause of § 924(e)(2)(B)(ii) in the context of the predicate crime of resisting law enforcement through felonious vehicle flight. **Sykes v. U.S.**, ___ U.S. ___, 2011 WL 2224437 (2011). Addressing the Court's use in **Begay** of the phrase "purposeful, violent, and aggressive," Sykes argued that felonious vehicle flight is not included in the residual clause of § 924(e)(2)(B)(ii) because vehicle flight is not purposeful, violent, and aggressive in the same way that burglary of a dwelling, arson, extortion, or use of explosives are purposeful, violent, and aggressive. *Id*. at ___, 2011 WL 2224437 at *8. Addressing this argument, the **Sykes** Court noted that the **Begay** Court, in distinguishing DUI from the example crimes specified in the statute, emphasized that DUI does not involve conduct that is purposeful or deliberate. *Id*. at ___, 2011 WL 2224437 at *8 (citing **Begay**, 553 U.S. at 145 - 148). In contrast, the **Sykes** Court said, the crime at issue in **Sykes** has a "stringent *mens rea* requirement. Violators must act knowingly or intentionally." *Id*. (internal quotation and citation omitted).

The **Sykes** Court noted further that the phrase purposeful, violent, and aggressive, as used in **Begay**,

> is an addition to the statutory text. In many cases the purposeful, violent, and aggressive inquiry will be redundant with the inquiry into risk, for crimes that fall within the former formulation and those that present serious potential risks of physical injury to others tend to be one and the same. As between the two inquiries, risk levels provide a categorical and manageable standard that suffices to resolve the case before us.
>
> > **Begay** involved a crime [DUI] akin to strict liability, negligence, and recklessness crimes; and the purposeful, violent, and aggressive formulation was used in that case to explain the result. The felony at issue here [felonious vehicle flight] is not a strict liability, negligence, or recklessness crime and because it is, for the reasons stated and as a categorical matter, similar in risk to the listed crimes, it is a crime that

4

> "otherwise involves conduct that presents a serious potential risk of
> physical injury to another." § 924(e)(2)(B)(ii).

*Id*. at ___, 2011 WL 2224437 at *9.

Applying the standards specified in **Begay** and **Sykes** to this case, I conclude that assault in the second degree, as defined in §18-3-203(1)(e), C.R.S., is a crime of violence, as that term is defined in §4B1.2 (a)(2). First, §18-3-203(1)(e), like the statute at issue in **Sykes**, includes a specific *mens rea* requirement of intentional action. A key element of assault in the second degree under §18-3-203(1)(e) is that the defendant intentionally cause stupor, unconsciousness, or other specified impairments by administering a drug without the victim's consent. This *mens rea* requirement makes the crime defined in §18-3-203(1)(e) similar in kind to the example crimes specified in §4B1.2(a)(2). As in **Sykes**, this *mens rea* requirement makes assault in the second degree roughly similar in kind to the example crimes specified in §4B1.2 (a)(2).

Second, the degree of risk presented by a assault in the second degree, as defined in §18-3-203(1)(e), is roughly similar to the degree of risk presented by the example crimes specified in §4B1.2(a)(2). A crime involves the requisite degree of risk if the crime "presents a serious potential risk of physical injury to another." §4B1.2(a)(2). The risk rises to the level required by §4B1.2(a)(2) when the risk posed by the crime "is comparable to that posed by its closest analog among the enumerated offenses." **James v. U.S.**, 550 U.S. 192, 203 (2007).

In **James**, the Supreme Court described the potential risk of physical injury presented by burglary of a dwelling, one of the example crimes specified in §4B1.2(a)(2).

> The main risk of burglary arises not from the simple physical act of
> wrongfully entering onto another's property, but rather from the possibility

5

> of a face-to-face confrontation between the burglar and a third
> party—whether an occupant, a police officer, or a bystander—who comes
> to investigate. That is, the risk arises not from the completion of the
> burglary, but from the possibility that an innocent person might appear
> while the crime is in progress.

*James*, 550 U.S. at 203. These potential risks of physical injury are roughly similar to the potential risks of physical injury presented by assault in the second degree. Those potential risks are numerous. For example, a person who is in a stupor or who is suffering from physical or mental impairment is at significant risk of physical injury from falling and from assaults or other harmful actions taken by others who may choose to take advantage of the victim's impairment or impairments. In addition, a person suffering from mental impairment is at risk of physical injury also from the exercise of impaired judgment about what actions to take, including in the operation of a motor vehicle. Like the excessive consumption of alcohol, these conditions present a serious potential risk of physical injury to both the victim of the assault in the second degree and to those persons in the presence of the victim.

Hanns argues in his objection that assault in the second degree under §18-3-203(1)(e) does not necessarily involve a risk of physical injury because the crime can be committed without causing physical injury. Hanns notes that stupor, unconsciousness, and mental impairment do not constitute physical injury, but the crime of assault in the second degree can be completed by causing only stupor, unconsciousness, or mental impairment without causing physical injury. This argument reads the residual clause much too narrowly. A substantial potential risk physical injury under §4B1.2(a)(2) need not be among the risks described in the elements of the predicate crime. Rather, any substantial potential risk of physical injury presented by the commission of the crime is relevant. *James* , 550 U.S. at 203 (risk arising from possibility that innocent person

might appear while burglary is in progress, and not from completion of burglary itself, relevant to residual clause applicability); **Sykes**, ___ U.S. at ___, 2011 WL 2224437 at *4, *9 - *10.  In **Sykes**, for example, no person was physically injured as a result of Sykes' felonious vehicle flight and physical injury was not an element of the crime for which Sykes was convicted, yet the Supreme Court concluded that Sykes' felonious vehicle flight presented the requisite serious potential risk of physical injury.  **Sykes**, ___ U.S. at ___,  2011 WL 2224437 at *4, *9 - *10.

Recently, the United States Court of Appeals for the Tenth Circuit  issued three opinions addressing issues related to those addressed in this order.  **U.S. v. Thomas**, 643 F.3d 802 (10th Cir. July 5, 2011); **U.S. v. Armijo**, ___ F.3d ___, 2011 WL 2687274 (10th Cir. July 12, 2011); **U.S. v. Smith**, ___ F.3d ___, 2011 WL 2714083 (10th Cir. July 13, 2011).  I have reviewed each of these cases carefully.  I conclude that, to the extent these cases address issues relevant to Hanns' objections to the PSR, the Tenth Circuit's analysis in these three cases is consistent with the court's analysis of the issues presented by Hanns.

Finally, I conclude that the residual clause of §4B1.2(a)(2) is not unconstitutionally vague.  Addressing the residual clause of § 924(e)(2)(B)(ii), the **Sykes** Court said:

> The residual clause imposes enhanced punishment for unlawful possession of the firearm when the relevant prior offenses involved a potential risk of physical injury similar to that presented by burglary, extortion, arson, and crimes involving use of explosives.  The provision instructs potential recidivists regarding the applicable sentencing regime if they again transgress.  It states an intelligible principle and provides guidance that allows a person to "conform his or her conduct to the law." **Chicago v. Morales**, 527 U.S. 41, 58 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999) (plurality opinion).

**Chicago v. Morales** addressed a vagueness challenge and this statement by the

7

*Sykes* Court resolves Hanns' contention that the residual clause of §4B1.2(a)(2) is unconstitutionally vague.

Hanns' two convictions for assault in the second degree under §18-3-203(1)(e), C.R.S. constitute crimes of violence as that term is defined in §4B1.2(a)(2). These two convictions constitute predicate offenses under §4B1.1, and Hanns properly is classified as a career offender under §4B1.1.

**THEREFORE, IT IS ORDERED** as follows:

1. That the objections of the defendant to the Presentence Report [#313] at 7, ¶ 26, are overruled; and

2. That the defendant is a career offender as defined by USSG §4B1.1.

Dated July 29, 2011, at Denver, Colorado.

                                                **BY THE COURT:**

                                                */s/ Robert E. Blackburn*
                                                Robert E. Blackburn
                                                United States District Judge